UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23897-CIV-SCOLA
MAGISTRATE JUDGE P.A. WHITE

GEORGE BURKES, JR.,

        Plaintiff,

v.

OPA LOCKA POLICE DEPT, et al.,

        Defendant(s).

SUPPLEMENTAL REPORT
OF MAGISTRATE JUDGE

## I. Introduction

The plaintiff filed a civil rights complaint pursuant to 42 U.S.C. 1983, alleging use of unlawful force upon arrest. The complaint was screened, and the plaintiff was permitted to amend his complaint. The plaintiff is proceeding in forma pauperis.

This Cause is before the Court upon the screening of the amended complaint pursuant to 28 U.S.C. §1915 (DE#16).

## II. Analysis

### A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
>     \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

```
                    *   *   *

         (B) the action or appeal -

                    *   *   *

         (i)  is frivolous or malicious;

         (ii) fails to state a claim on which
         relief may be granted; or

         (iii) seeks monetary relief from a
         defendant who is immune from such
         relief.
```

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11

Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  <u>Twombly</u> applies to §1983 prisoner actions.  See <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  <u>Id.</u>  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

B.  <u>Factual Allegations</u>

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

3

The facts as stated in the Preliminary Report, taken from the plaintiff's complaint, are as follows: the plaintiff arrived at the jail on May 12, 2010, after running from the police. He was released on June 9, 2010. He returned to jail on July 10, 2010, for a new case, again after running from the police. Officer Muniz Bueno was one of the officers in the May, 2010 case. When he apprehended the plaintiff, he told the plaintiff he would not run again, and drove his knee into his ankle two times. Burkes states that Officer Holborow was also present during both the May 2010 arrest and the July 20, 2010 arrest. He seeks monetary damages.

C. <u>Sufficiency of the complaint</u>

The plaintiff is attempting to allege use of unlawful force by the police officers. Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. <u>Fundiller v. City of Cooper City</u>, 777 F.2d 1436 (11 Cir. 1985). A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its "reasonableness" standard. <u>Graham v. Connor</u>, 490 U.S. 386 (1989)("all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard"); <u>Ortega v. Schram</u>, 922 F.2d 684, 694 (11 Cir. 1991).

The Preliminary Report made the following findings:
The facts presented by the plaintiff at this preliminary stage may support a claim for use of unlawful force. If the plaintiff was already in custody, the fact that one of the officers twice drove

his knee into the plaintiff's ankle, to punish him for running in the past, and to prevent him from running from the police in the future, may state a claim. However, the plaintiff fails to state any injuries as required by 28 U.S.C. 1915e(e). The plaintiff should be permitted to amend his complaint to demonstrate injury. The Report and Recommendation were adopted by United States District Judge Scola. On May 22, 2012, the plaintiff filed an Amended Complaint to Demonstrate Injury (DE#16)

D. Sufficiency of Amended Complaint

In the amended complaint the plaintiff states that he suffered a fractured ankle and heel in two or three places as a result of Officer Muniz-Bueno driving his knee into his ankle twice. He states that Bueno called fire rescue, and he was given an ice pack and told it was a sprain. He was taken to the police station and processed for about two hours, while in pain. He then was transported by Bueno to Jackson Memorial Hospital, where it was determined that his ankle was fractured. He was given shots for pain medication and crutches, and transported to the Dade County Main Jail for booking. On August 9, 2010, he was transported back to Jackson Memorial Hospital for additional X-rays and it was determined that his ankle was too swollen to perform surgery. On January 27, 2011, additional X-rays showed fractures in two or three places. He states he uses a wheel chair to assist him at Moore Haven Correctional Facility upon his transfer.

E. Conclusion

The plaintiff has stated a claim for use of unlawful force against Officer Bueno, and it is recommended the claim proceed against this Officer.

The plaintiff does not mention Officer Holborow in the amended complaint. In the initial complaint he states that Holborow was present during his arrests. This is insufficient to meet either the Twombly or Rule 12(b)(6) standard, and it is recommended that Officer Holborow be dismissed for failure to state a claim.

The Opa Locka Police Department is listed as a defendant. The Police Department is not a person, within the meaning of 1983 cases, but an arm of the County. To successfully state a claim against the County, the plaintiff must demonstrate policy or custom designed to violate the plaintiff's civil rights. Monell v Department of Social Services, 436 U.S. 658 (1978). The plaintiff has failed to state a Monell claim against this defendant and it should be dismissed.

### III. Recommendation

It is recommended as follows:

1. The case proceed against Officer Muniz-Bueno on the claim of use of unlawful force upon arrest.

2. Officer Holborow and the Opa Locka Police Department should be dismissed for failure state a claim pursuant to 28 U.S.C. §1915 (e)(2)(B)(ii).

3. The Operative complaint is the initial complaint(DE#1) and the amendment (DE#16).

Objections to this Report may be filed with the United States District Judge within fourteen days.

Dated at Miami, Florida this 31st day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

cc: George Burkes, Jr., Pro Se
DC #429874
Moore Haven Correctional Facility
Address of record