UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23897-CIV-SCOLA

GEORGE BURKES, JR.,

    Plaintiff,

vs.

OPA LOCKA POLICE DEPT., *et al.*,

    Defendants.
_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

THIS MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge, pursuant to Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a Report and Recommendation on any dispositive matters. On May 31, 2012, Judge White issued a Report recommending Plaintiff George Burkes, Jr.'s case proceed against Officer Muniz-Bueno on the unlawful use of force claim and that the claims against Officer Holborow and the Opa Locka Police Department be dismissed. (Supplemental Report of Magistrate, ECF No. 18.) The Plaintiff has filed objections to the Report. (Pl.'s Obj's, ECF No. 19.). As set forth below, the Court finds that the Report and Recommendation should be adopted in part. While the Court agrees with the Magistrate Judge's reasoning and conclusions, the Court finds that Plaintiff should be permitted leave to file one more amended complaint to address the deficiencies, to the extent they are subject to cure by way of more detailed factual allegations.

The Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) applies to section 1983 prisoner actions, such as this one. *See Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Twombly*, 550 U.S. at 555. These include mere conclusions and recitals of a cause of action. *Id*. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id*. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id*. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id*. at 682.

In the instant complaint brought under 42 U.S.C. § 1983, Burkes alleges that Officer Muniz-Bueno used unlawful force upon his arrest, and that Officer Holborow was a witness to the alleged unlawful force, inculpating him in the alleged offense. (Compl. 3-4, ECF No. 1; Am. Compl. 6, ECF No. 16.). Burkes further alleges that the Opa Locka Police Department is liable because Officer Muniz-Bueno is an employee of the Opa Locka Police Department. (Am. Compl. 6, ECF No. 16.). Through this case, Burkes seeks to proceed against Officers Muniz-Bueno and Holborow, and the Opa Locka Police Department.

The Plaintiff is attempting to allege use of unlawful force by the police officers. Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. *Fundiller v. City of Cooper City*, 777 F.2d 1436 (11th Cir. 1985). A claim that a law enforcement officer used excessive force in the course of an arrest, an investigatory stop, or any other seizure of a free citizen is to be analyzed under the Fourth Amendment and its reasonableness standard. *Graham v. Connor*, 490 U.S. 386 (1989); *Ortega v. Schram*, 922 F.2d 684, 694 (11th Cir. 1991).

Burkes alleges facts that may support a claim for use of unlawful force against Officer Muniz-Bueno. If the Plaintiff was already in custody when Officer Muniz-Bueno allegedly drove his knee into the Plaintiff's ankle to punish him for running during past incidents, and to prevent him from running, he may state a claim. Accordingly, the claim may proceed against Officer Muniz-Bueno.

In Plaintiff's objections to Magistrate Judge White's Recommendations, Plaintiff simply reiterated that Officer Holborow was witness to Officer Muniz-Bueno's alleged unlawful use of force. (Pl.s Obj. 3, ECF No. 19.). Plaintiff's claim against Officer Holborow, however, does not meet Rule 12(b)(6) standard under *Twombly* or *Iqbal*. Officer Holborow's mere presence during the alleged incident is insufficient without more detailed allegations. Thus, Officer Holborow is

dismissed for failure to state a claim.  Plaintiff shall be permitted a chance to file an amended complaint with more detailed allegations.

Lastly, Plaintiff lists the Opa Locka Police Department as a defendant.  To successfully state a claim against the county, the plaintiff must allege a policy or custom designed to violate the plaintiff's civil rights.  *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Plaintiff has failed to state a *Monell* claim against this defendant; accordingly, the claim against the Opa Locka Police Department is dismissed.   Plaintiff shall be permitted a chance to amend, however.

Having considered the Magistrate's Report, the Plaintiff's Objections, and the relevant legal authorities, and having made a *de novo* review of the record, this Court finds Judge White's Report and Recommendation cogent and compelling.  The Court also finds, however, that Plaintiff should be given one final chance to file an amended complaint with well-supported allegations against Office Holborow and the Opa Locka Police Department.

Accordingly, it is hereby **ORDERED and ADJUDGED** that Judge White's Report and Recommendation (ECF No. 18) is **AFFIRMED and ADOPTED IN PART**.  The Plaintiff's claims against Officer Holborow and the Opa Locka Police Department (ECF No. 1) are **DISMISSED**, but Plaintiff is given leave to amend.  Plaintiff shall file an amended complaint by **July 13, 2012**.  This matter is referred back to Magistrate Judge White for further proceedings.

**DONE and ORDERED** in chambers, at Miami, Florida, on June 19, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
U.S. Magistrate Judge White
Counsel of record (via CM/ECF)
George Burkes (address of record)